IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CARLOS CAREY, #245 045, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 2:13-CV-835-MHT ) [WO] |
| SGT. DOMINIC WHITLEY, | ) ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is before the court on a complaint filed by Carlos Carey ["Carey"], a state inmate incarcerated at the Easterling Correctional Facility in Clio, Alabama. Carey filed this complaint on November 13, 2013, challenging actions that occurred during his incarceration at the Bullock Correctional Facility. He complains that Defendant, Sergeant Dominic Whitley, told other inmates Carey was a snitch causing his life to be put in danger. Carey requests $50,000.00 in damages and that Defendant's actions be considered a violation of state and federal law. Doc. 1.

Defendant filed an answer, special report, and supporting evidentiary materials addressing Carey's claims for relief. Doc. 13. Upon receipt of Defendant's special report, the court issued an order directing Carey to file a response, including sworn affidavits and other evidentiary materials, and specifically cautioning Carey "the court may at any time thereafter and without notice to the parties (1) treat the special report and any supporting evidentiary materials as a motion for summary judgment." Doc. 14 at 2. Carey responded to Defendant's report, *see* Doc. 19, but his

response does not demonstrate there is any genuine issue of material fact. The court will treat Defendant's report as a motion for summary judgment, and concludes this motion is due to be resolved in favor of Defendant.

## II. STANDARD OF REVIEW

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law." *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam); Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing the non-moving party has failed to present evidence to support some element on which it bears the ultimate burden of proof. *Id*. at 322−324.

Defendant has met his evidentiary burden. Thus, the burden shifts to Carey to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed. R. Civ. P. 56(e)(3); *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593−594 (11th Cir. 1995) (holding that, once the moving party meets its burden, "the non-moving party must then go beyond the pleadings, and by its own affidavits [or sworn statements], or by depositions, answers to

interrogatories, and admissions on file," demonstrate there is a genuine dispute of material fact) (internal quotations omitted). This court will also consider "specific facts" pled in a plaintiff's sworn complaint when considering his opposition to summary judgment. *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1098 (11th Cir. 2014). A genuine dispute of material fact exists when the non-moving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263; *Allen v. Bd. of Pub. Educ.*, 495 F.3d 1306, 1313 (11th Cir. 2007).

Although factual inferences must be viewed in a light most favorable to the non-moving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *See Beard v. Banks*, 548 U.S. 521, 525 (2006); *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Plaintiff's *pro se* status alone does not compel this court to disregard elementary principles of production and proof in a civil case.

### III. THE COMPLAINT

On or about August 22, 2016, Carey began mailing information regarding various crimes (including "cold cases"), *e.g.,* murder, credit card fraud, massive false income tax return schemes, and introduction of contraband into state prisons by free world individuals, to state law enforcement agencies, the FBI, and the Investigation and Intelligence Division of the Alabama Department of Corrections. Carey did so, he claims, to assist these law enforcement agencies in solving crimes. He complains, however, that Defendant intercepted his mail, portions of which included names and details, and revealed the contents "to inmates (several of them) [and] stating that [Carey was] a snitch and a faggot and they need to stop talking to [him]." Some of those

inmates, Carey claims, threatened his life and passed the word to other inmates. Carey maintains Defendant purposely placed his life in danger. Doc. 1 at 3.

## IV. DISCUSSION

### A. Absolute Immunity

To the extent Carey sues Defendant in his official capacity, he is immune from monetary damages. Official capacity lawsuits are "in all respects other than name, . . . treated as a suit against the entity." *Kentucky v. Graham*, 473 U. S. 159, 166 (1985). "A state official may not be sued in his official capacity unless the state has waived its Eleventh Amendment immunity, *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984), or Congress has abrogated the state's immunity, *see Seminole Tribe v. Florida*, [517 U.S. 44, 59], 116 S.Ct. 1114, 1125, 134 L.Ed.2d 252 (1996). Alabama has not waived its Eleventh Amendment immunity, *see Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990) (citations omitted), and Congress has not abrogated Alabama's immunity. Therefore, Alabama state officials are immune from claims brought against them in their official capacities." *Lancaster v. Monroe Cty.*, 116 F.3d 1419, 1429 (11th Cir. 1997).

In light of the foregoing and under the facts of this case, Defendant is entitled to sovereign immunity under the Eleventh Amendment for claims seeking monetary damages from him in his official capacity. *Lancaster*, 116 F.3d at 1429; *Jackson v. Ga. Dep't of Transp.*, 16 F.3d 1573, 1575 (11th Cir. 1994); *Parker v. Williams*, 862 F.2d 1471 (11th Cir. 1989).

### B. Injunctive Relief

Carey's request for declaratory and/or injunctive relief against Defendant is due to be dismissed as moot. Carey is no longer incarcerated at the Bullock Correctional Facility. The transfer or release of a prisoner renders moot any claims for injunctive or declaratory relief. *See*

*Cty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); *see also Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (past exposure to even illegal conduct does not in and of itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing present injury or real and immediate threat of repeated injury). As it is clear from the pleadings and records before the court that Carey is no longer incarcerated at the Bullock Correctional Facility, his request for equitable relief is moot.

**C. Eighth Amendment Claim**

Carey claims Defendant called him a snitch and a faggot in front of other inmates after the guard intercepted and read his mail intended for law enforcement officials and which contained information regarding crimes.[1] Such action, Carey asserts, placed his life in danger.[2] Defendant denies any knowledge of Carey's allegations and states he did not intercept or read Carey's mail. Defendant denies calling Carey a snitch or a faggot or advising any inmate not to talk to Carey. In

---

[1] Based on its careful review of the complaint, the court does not consider this action to present a separate free speech challenge under the First Amendment regarding treatment of Carey's mail. The court takes judicial notice of its own records which reflect that Carey presented a distinct access to courts/free speech claim against Defendant Whitley regarding interference with his mail around the same time period as challenged in the instant action. *See Carey v. Jones, et al.*, Civil Action No. 2:13-CV-799-WHA-WC (M.D. Ala.).

[2] The court again takes judicial notice of its own records which reflect that at the time the actions about which Plaintiff complains occurred, he was housed on the segregation unit in a single cell by himself for a majority of the relevant time period. *See Carey v. Mason, et al.*, Civil Action No. 2:13-CV-884-WHA-WC (M.D. Ala.) (Doc. 23, Exh. E- Whitley Affidavit at 2):

> The only time Inmate Carey was in a cell with another inmate was from August 22 to September 23 [of 2013]. To protect other inmates, Inmate Carey has been housed in a single cell, by himself since September 23, 2013. Due to Inmate Carey's custody level, he is not allowed to have any close contact with other inmates. The only time Inmate Carey is allowed out of his cell; except for medical emergencies and/or to be escorted to the Warden's office per the Warden's request, is for exercise. Inmate Carey's custody level mandates that he must be on the exercise yard by himself and/or with no more than three other Close custody inmates at the same time. All inmates are restrained when they are on the exercise yard and are under the direct supervision of the Segregation Officers at all times. They are also searched prior to entering the yard.

sum, Defendant denies Carey's allegations as baseless, false, and without merit. Doc. 13, Whitley Affidavit.

A convicted prisoner is entitled to reasonable protection from harm at the hands of fellow inmates and prison officials under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 832–34 (194). To demonstrate that a prison official has violated the Eighth Amendment, an inmate must first allege a deprivation that must be objectively sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities. *Id.* at 834. Second, the prison official must have a sufficiently culpable state of mind. *Id*. In prison condition cases, that state of mind is one of deliberate indifference to inmate health or safety. *Id*. To act with deliberate indifference, a prison official must both know of and disregard "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. A prison official who endangers the life or safety of a prisoner by inciting other inmates to harm a prisoner, such as by labeling the prisoner a "snitch" or informant, may violate the Eighth Amendment. *Harmon v. Berry*, 728 F.2d 1407, 1409 (11th Cir. 1984) (per curiam) (allegation that correctional officer endangered prisoner's life by telling other inmates he was a snitch, exposing him to the possibility of inmate retaliation, stated a claim for relief); *Benefield v. McDowall*, 241 F.3d 1267, 1271 (10th Cir. 2001).

As explained, prison officials may be liable under § 1983 for harm sustained by an inmate if the officials acted with "deliberate indifference" to the safety of the inmate. *Farmer,* 511 U.S. at 834. While "[p]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners," *Id.* at 833 (internal citations omitted), "[i]t is not [] every injury suffered by one inmate at the hands of another that translates into a constitutional liability for prison officials

6

responsible for the victim's safety." *Id*. at 834.  The Eleventh Circuit has "stress[ed] that a 'prison custodian is not the guarantor of a prisoner's safety. *Popham v. City of Talladega*, 908 F.2d 1561, 1564 (11th Cir. 1990)[.]" *Purcell ex rel. Estate of Morgan v. Toombs Cty., Ga.*, 400 F.3d 1313 (11th Cir. 2005). A constitutional violation occurs only when a plaintiff establishes the existence of "a substantial risk of serious harm, of which the official is subjectively aware . . . and [that] the official does not respond[] reasonably to the risk'. . . ." *Marsh v. Butler Cty.*, 268 F.3d 1014, 1028 (11th Cir. 2001) (*en banc*), quoting *Farmer*, 511 U.S. at 844. "The known risk of injury must be a 'strong likelihood, rather than a mere possibility' before a guard's failure to act constitutes deliberate indifference." *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) (citations omitted); *see also Rich v. Bruce*, 129 F.3d 336, 339-40 (4th Cir. 1997) (unless a prison official actually makes the inference that a substantial risk of serious harm exists, he does not act with deliberate indifference even where his actions violate prison regulations or can be described as stupid or lazy).  An inmate "normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety." *McGill v. Duckworth*, 944 F.2d 344, 349 (7th Cir. 1991); *overruled in part on other grounds by Farmer*, 511 U.S. 825. An "official's failure to alleviate a significant risk that he should have perceived but did not," does not constitute deliberate indifference. *Farmer*, 511 U.S. at 838.

Consequently, to survive the properly supported motion for summary judgment filed by Defendant, Carey must first demonstrate an objectively substantial risk of serious harm existed to him and "that the defendant disregarded that known risk by failing to respond to it in an objectively reasonable manner." *Johnson v. Boyd*, 568 F. App'x 719, 721 (11th Cir. 2014), *citing Caldwell v. Warden FCI Talladega*, 748 F.3d 1090, 1100 (11th Cir. 2014).  If he establishes these objective elements, Carey must then satisfy the subjective component.  To do so, Carey must show that

7

Defendant "subjectively knew that [he] faced a substantial risk of serious harm. *Id.* [at 1099].The [D]efendant must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [he] must also draw the inference." *Id*. at 1100.

Here, Carey maintains Defendant's conduct about which he complains was akin to a death sentence in prison because he now has "enemies [he] do[es] not even know." Doc. 19 at 1. Carey broadly claims "some of these inmates have been transferred to other institutions where the word has been spread[] that [Carey] is a snitch," and that Defendant spread the snitch label to general population which, in turn, spread the label "to the streets and other prisons." *Id*. at 1-2.

As widespread and far-reaching as Plaintiff characterizes his being labeled a snitch to be, his assertions in this regard are devoid of any factual allegations that give rise to an inference he actually faced a serious threat because of Defendant's conduct.  Even assuming, *arguendo,* Carey could satisfy the objective component of his Eighth Amendment claim, he has not satisfied the subjective component. Notably, Carey identifies not a single inmate who represented a threat to him nor has he articulated any incidents of actual or imminent harm because of the identification.[3] His allegations do not reflect that he communicated any concerns about his safety to Defendant or any prison official because of the conduct he attributes to Defendant nor does he allege much less

---

[3]  Carey cites to a civil action he filed in the United States District Court for the Northern District of Alabama to support his contention that mail intercepted by Defendant contained information reflective of his "cooperation" with law enforcement officials. *Carey v. Attorney Gen. of the State of Ala.,* Civil Action No. 2:13-CV-2258-CLS-JEO (N.D. Ala. 2014). Doc. 19 at 2. This court's review of the proceedings in that case, however, do not support this description which further undermines Carey's Eighth Amendment claim. The court in *Carey v. Attorney General of the State of Alabama,* described the basis for the petition as follows: "Carey merely asks this court to 'request' some agency of some unidentified 'government' to 'issue' a 'motion,' to be filed in an unidentified forum, by which his state sentence might be reduced on the basis that he is willing to provide 'substantial assistance' in the form of information on the criminal activities of others. *See Carey v. Attorney Gen. of the State of Ala.,* Civil Action No. 2:13-CV-2258-CLS-JEO. Doc. 6 at 4. *Available at http://pacer.gov.*

indicate there was ever any actual or imminent threat to his safety disregarded by Defendant or any other prison official. At most, Carey has done no more than assert in broad and conclusory fashion that Defendant's actions put his safety at risk but produces no facts or evidence to show he faced any actual harm or even threat of actual or imminent harm from any inmate. *See Blackston v. Shook & Fletcher Insulation Co.*, 764 F.2d 1480, 1482 (11th Cir. 1985) (citations omitted) ("All reasonable inferences arising from the undisputed facts should be made in favor of the nonmovant, but an inference based on speculation and conjecture is not reasonable" as inferences must be based on facts in the record). In light of the foregoing, the court finds Plaintiff fails to demonstrate an Eighth Amendment violation against Defendant. Defendant is, therefore, due to be granted summary judgment.

## V. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendant's motion for summary judgment (Doc. 13) be GRANTED.

2. Judgment be GRANTED in favor of Defendant.

3. This case be DISMISSED prejudice.

4. The costs of this proceeding be taxed against Plaintiff.

It is further

ORDERED that **on or before February 9, 2017**, the parties may file an objection to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a *de novo* determination by the District Court of legal and

factual issues covered in the Recommendation and waives the right of a party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 26th day of January 2017.

    /s/   Wallace Capel, Jr.
UNITED STATES MAGISTRATE JUDGE